Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| KIARA DEL VALLE MORALES<br><br>Recurrida<br><br>v.<br><br>ABSOLIFE INC./ABSOLIFE FMS CORP., ANGEL M. SANTIAGO BERNIER, ASEGURADORA A Y OTROS<br><br>Peticionarios | KLCE202400104 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2023CV09931<br><br>Sobre: Acoso Laboral, Despido Injustificado (Ley Núm. 80), Discrimen (Ley Núm. 100) |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán**, **Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece el señor Ángel M. Santiago Bernier, en adelante el señor Santiago o el peticionario, quien nos solicita que revoquemos una *Orden* emitida el 10 de enero de 2024. Mediante la misma, el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, declaró no ha lugar la *Solicitud de Desestimación*, al amparo de las Reglas 10.2 y 10.3 de las de Procedimiento Civil de Puerto Rico, 32 LPRA, Ap. III.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *Certiorari*.

-I-

Surge de los documentos que obran en autos que la señora Kiara Del Valle Morales, en adelante la señora Del Valle o la recurrida, presentó una demanda sobre hostigamiento laboral, despido injustificado,

discrimen, daños y perjuicios, entre otros, contra el señor Santiago. En síntesis, solicitó una indemnización por concepto de daños y perjuicios resultantes del despido de su empleo como consecuencia, entre otras causas, de una querella de hostigamiento laboral.[1]

El señor Santiago, por su parte, presentó una *Solicitud de Desestimación*. Adujo, que el reclamo de la recurrida es, en esencia, uno de despido injustificado bajo la Ley Núm. 80-1976 y bajo dicho ordenamiento, el peticionario, como patrono, no responde personalmente. Además, el Tribunal carece de jurisdicción para atender la causa de acción de acoso laboral, porque la señora Del Valle no agotó el trámite creado al amparo de la Ley Núm. 90-2020, sobre acoso laboral.[2]

Luego de contar con el beneficio de la comparecencia de la recurrida[3], el TPI declaró no ha lugar la *Moción de Desestimación[4]*. A su entender, **"no contamos en esta etapa con los elementos necesarios para determinar como cuestión de hechos [*sic.*], si la demandante y/o el patrono cumplieron o no con las obligaciones recíprocas que establece la Ley 90"**. Además, **concedió término a la recurrida "para que repase sus alegaciones y evalúe si debe enmendar las mismas para subsanar cualquier posible deficiencia"**. Transcurrido dicho término, el peticionario "…deberá radicar la alegación responsiva que corresponda y/o pedir el remedio dispositivo que entienda pertinente".

---

[1] Apéndice del peticionario, págs. 1-7.
[2] *Id.*, págs. 23-25.
[3] *Id.*, págs. 37-46.
[4] *Id.*

En desacuerdo, el señor Santiago presentó una *Solicitud de Reconsideración,*[5] que el TPI declaró no ha lugar.[6]

Nuevamente inconforme, el peticionario presentó una *Petición de Certiorari* en la que alega que el TPI incurrió en los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONSIDERAR UN ESCRITO SIN LA FIRMA DEL ABOGADO.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA SOLICITUD DE DESESTIMACIÓN PRESENTADA POR EL PETICIONARIO.

La recurrida no presentó su alegato en oposición al auto en el término que establece el Reglamento del Tribunal de Apelaciones. En consecuencia, el recurso está perfeccionado y listo para adjudicación.

**-II-**

**A.**

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[7]

---

[5] *Id.*, págs. 53-56.
[6] *Id.*, pág. 57.
[7] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[8] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[9] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[10]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[8] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[9] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *García v. Padró, supra*, pág. 334.
[10] *Torres González v. Zaragoza* Meléndez, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[12] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma.[13] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

… (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.[14]

Al solicitar la desestimación, "los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante".[15] En

---

[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

[12] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).

[13] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.

[14] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

[15] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase,

consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[16]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[17] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[18]

## C.

Por otro lado, es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[19] Conviene destacar que "la discreción se fundamenta [,entre otras,] en el

---

además, *Eagle Security Police, Inc. v. Efrón Dorado*, 2023 TSPR 5, 211 DPR __ (2023).

[16] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).

[17] Véase, Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

[18] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).

[19] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, 213 DPR __ (2023); *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 497 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 276 (2019); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).

contacto con los litigantes y la prueba que se haya presentado"[20] ante el foro sentenciador. Por esta razón, se presume que el Tribunal de Primera Instancia conoce mejor las particularidades del caso y está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[21]

De modo que, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación".[22] Específicamente, el Tribunal Supremo de Puerto Rico ha delimitado las instancias en las que un tribunal abusa de su discreción de la siguiente manera:

> [C]uando no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o cuando, [...] [tras] considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[23]

**-III-**

El peticionario arguye que el TPI estaba impedido de considerar la moción en oposición a la solicitud de desestimación, porque la representación legal de la recurrida no agotó los remedios provistos por la Ley

---

[20] *Citibank v. ACBI et al.*, *supra*, pág. 736.
[21] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al*, 185 DPR 288, 306-307 (2012). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, *supra*.
[22] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).
[23] *Banco Popular de Puerto Rico v. Gómez Alayón*, *supra*. Véase, además,
*Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65 (2023); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013) (citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

Núm. 90-2020. Por otro lado, en su opinión, dado que la reclamación contra el peticionario es de naturaleza laboral, son improcedentes las reclamaciones de daños y perjuicios en su contra, al amparo del Código Civil de Puerto Rico. En consecuencia, concluye que procede la desestimación de la demanda porque la recurrida no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo de su reclamación.

Visto de forma integrada, el expediente y la normativa aplicable, consideramos que la etapa en que se presenta el recurso no es la más propicia para su consideración. Regla (E) del Reglamento del Tribunal de Apelaciones, *supra*.

Por otro lado, en la medida en que la decisión recurrida involucra el manejo del caso ante el TPI, no encontramos indicio alguno de abuso de discreción que justifique nuestra revisión.

Finalmente, no existe ningún otro fundamento, al amparo de la Regla 40, que justifique la expedición del auto solicitado.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones